JOSEPH & HERZFELD LLP
Charles Joseph (CJ 9442)
757 Third Avenue
New York, New York 10017
(212) 688-5640

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————x

RASHEDAH MCCRAY,

          Plaintiff,

- against -

APA SECURITY INC., and
RALPH APA, SUSAN APA and DOES 1-10,

          Defendants.
——————————————————x

Index No. 06-cv-03823 (CM)

SECOND AMENDED COMPLAINT

JURY TRIAL DEMANDED

*U.S. DISTRICT COURT FILED JUN 0 1 2006 S.D. OF N.Y. W.P.*

      Plaintiff Rashedah McCray ("Plaintiff"), by her attorneys, Joseph & Herzfeld LLP, alleges:

### NATURE OF THE CASE

      1.     This action is brought against Defendants Apa Security, Inc. ("Apa Security") and Ralph Apa ("Mr. Apa") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the New York Human Rights Law ("NYSHRL"), N.Y Exec. Law § 296. Plaintiff also alleges claims of intentional infliction of emotional distress and assault.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the Title VII and Section 1981 claims because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights, and supplemental subject matter jurisdiction over the NYSHRL and tort claims claim under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3), because Defendants have offices, conduct business, and can be found in this District, and because the cause of action arose and the acts and omissions complained of occurred in this district.

## PARTIES

4.      Plaintiff Rashedah McCray is a black female who lives in Poughkeepsie, New York.

5.      Defendant Apa Security, Inc. ("Apa Security") is a New York corporation with its headquarters and principal place of business at 19 Davies Place, Poughkeepsie, New York, 12601. Upon information and belief, Apa Security is a security company that employs at least 15 employees in its Poughkeepsie, New York office.

6.      Upon information and belief, Defendant Ralph Apa ("Mr. Apa") is an individual residing in Poughkeepsie, New York. Mr. Apa is the owner of Apa Security, Inc.

7.      Upon information and belief, Susan Apa ("Ms. Apa") is a beneficial owner of Apa Security and liable under Title VII for APA Security's discriminatory actions.

8. Defendants Does 1-10 refer to any predecessor of successor companies of Apa Security and/or any related entities.

## FACTUAL HISTORY

9. In or about January of 2001, Plaintiff was hired by Mr. Apa, a white male, as a dispatcher with Apa Security.

10. Plaintiff is black.

11. During Plaintiff's initial interview with Mr. Apa, Mr. Apa mentioned that he did not frequently hire black people, because they "didn't work out." In any event, Apa Security extended the job offer to Plaintiff, who accepted.

12. During Plaintiff's tenure with Apa Security, Mr. Apa made many racially discriminatory comments, including "fucking Jews." Mr. APa also referred on occasion to his Indian clients as "fucking Indians."

13. Mr. APa once remarked to ms. McCray, "If it wasn't for me, you would be working at McDonald's."

14. Mr. Apa often refused to refer to Mexican employees by their names, instead calling them "Mexican."

15. When inquiring regarding applicants for employment with Apa Security, Mr. Apa on at least one occasion, frequently asked about the color of applicants' skin.

16. During most of the time period that Plaintiff was employed at Apa Security, she was the only black employee in the office (as opposed to a technician who did not perform other work in the office).

17. Until about mid-2003, Plaintiff worked a night shift and had little interaction with

Mr. McCray. In mid-2003, Plaintiff started to work the day shift and had frequent interaction with Mr. Apa. At this point, Mr. Apa began to make racially discriminatory comments toward Plaintiff.

18. On one occasion, Mr. Apa saw Plaintiff eating beef jerky and asked her in a mocking manner if she was eating "chitlins."

19. On another occasion, Plaintiff's picture was featured in Poughkeepsie Journal in an article involving Apa Security. In front of the entire office, Mr. Apa told Plaintiff in substance that the picture would "make him look good to the NAACP."

20. On June 27, 2005, Mr. Apa held a rope in the form of a noose in front of Plaintiff and said in substance, "Why don't I hang you with this?"

21. After the incident, Plaintiff was frightened for her life and began to sob hysterically.

22. Plaintiff walked into the office of Patrick Rose, who was in charge of sales, and told him what occurred. Mr. Rose was shocked and advised Plaintiff to leave the office permanently.

23. Plaintiff's situation at Apa had become intolerable, and she left.

24. Plaintiff filed a police report immediately following the incident.

25. On June 30, 2005, Plaintiff was rushed to a local hospital's emergency room because of stress and anxiety caused by Mr. Apa's death threat.

26. As a result of her loss of employment, Plaintiff continues to suffer severe emotional distress, anxiety, and physical manifestations of the distress, including, but not limited to, loss of libido, sleep problems, social phobia, and episodes of painful shingles.

27. Upon information and belief Ms. Apa participated in the events described herein.

4

## COUNT I
## (Title VII)

28. Plaintiff incorporates by reference each allegation of each preceding paragraph.

29. In violation of Title VII, Defendants intentionally discriminated against Plaintiff on the basis of her race, color and ethnicity by:

30. subjecting Plaintiff to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment; and

31. discharging Plaintiff.

## COUNT II
## Section 1981

32. Plaintiff incorporates by reference each allegation of each preceding paragraph.

33. In violation of Section 1981, Defendants intentionally discriminated against Plaintiff on the basis of her race, color and ethnicity by:

34. subjecting Plaintiff to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment; and

35. discharging Plaintiff.

## COUNT III
## NYSHRL

36. Plaintiff incorporates by reference each allegation of each preceding paragraph.

37. In violation of NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of her race, color and ethnicity by:

38. subjecting Plaintiff to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment; and

39. discharging Plaintiff.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff incorporates by reference each allegation of each preceding paragraph.

41. Through its actions, conduct, and failures to act, Defendants Ralph Apa and Apa Security intended to inflict emotional distress upon the Plaintiff.

42. The actions, conduct, and failures to act of the Defendants Ralph Apa and Apa Security constitute extreme and outrageous conduct.

43. The actions, conduct, and failures to act of the Defendants Ralph Apa and Apa Security caused the Plaintiff to suffer severe emotional distress.

## COUNT V
## ASSAULT

44. Plaintiff incorporates by reference each allegation of each preceding paragraph.

45. As a result of Defendants Ralph Apa and Apa Security's actions, Plaintiff reasonably feared that her physical well-being was in imminent danger.

46. Defendants Ralph Apa and Apa Security' acts were willful, intentional, wanton, malicious and oppressive.

47. The actions, conduct, and failures to act of the Defendants Ralph Apa and Apa Security caused Plaintiff to suffer severe emotional distress.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

A. declaring that Defendants' actions and practices violated Title VII, Section 1981, and the NYSHRL;

B. permanently enjoining Defendants from engaging in actions or practices that discriminate against any employees or job applicants because of their race, ethnicity, or color;

  C.  directing Defendants to make plaintiff whole by providing her front pay, back pay, reimbursement for any and all lost benefits, and reimbursement for any and all medical expenses for injuries caused or exacerbated by Defendant;

  D.  directing Defendants to pay Plaintiff compensatory damages for her emotional distress caused by Defendant's discrimination and harassment against her;

  E.  directing Defendants to pay Plaintiff punitive damages sufficient to punish and deter continuation of Defendants' unlawful employment practices;

  F.  awarding Plaintiff reasonable attorney's fees and costs;

  G.  granting additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated:  New York, New York
     May 30, 2006

                Respectfully submitted,
                Joseph & Herzfeld LLP

                By: _____
                Charles Joseph (CJ-9442)

                Joseph & Herzfeld LLP
                757 Third Avenue
                25th Floor
                New York, NY 10017
                Attorneys for Plaintiff